USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROSEMARIE KALL,

                    Plaintiff,

-against-

                                                    7:18-CV-10199-NSR

PEEKSKILL CITY SCHOOL DISTRICT,
ANDREW WEISMAN, WHITSONS FOOD CORP.,
SHAQUANA ENCARNACION, LYNN HOLLIMAN,
ROBIN ZIMMERMAN, RICK EMERY, and
ERIC KAPLAN,

                    Defendants.
-----------------------------------------------------------X

## STIPULATION AND CONFIDENTIALITY ORDER

IT IS HEREBY AGREED AND STIPULATED, by and among the parties, and subject to further order of the Court, that:

1.      This Stipulation and Confidentiality Order shall govern the use and disclosure of all information, documents or other tangible things produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and exhibits (the "Discovery Material") in this matter that have been designated in good faith by a producing party as containing confidential, protected or privileged information.

2.      The designation of confidential information shall be made by placing or affixing on the Discovery Material, in a manner which will not interfere with their legibility, the word Confidential.

3.      An attorney of record may designate Discovery Material that it produces as Confidential if the attorney in good faith believes it to contain confidential, personal or sensitive

1

information, including medical information.

4.      Discovery Material marked Confidential, and any copies made therefrom, must be maintained in a secured location at all times and when not in use such Discovery Material marked as Confidential must be placed in a locked location, which is satisfied if stored electronically in a password protected file. This requirement extends to all persons to whom such Discovery Material is disclosed pursuant to paragraph of this Stipulation and Confidentiality Order.

5.      Discovery material shall be designated as Confidential in accordance with the procedures set forth in paragraphs 3 of this Order, provided that, prior to the designation, an attorney for the designating party shall review the discovery material and determine, in good faith, that it requires this designation. The designation of such information as Confidential shall be effective unless and until the Court orders otherwise or in accordance with Paragraph 14.

6.      Discovery material designated as Confidential shall include any data, notes or other information that derived from such discovery material that was previously designated Confidential. All persons to whom designated Confidential Discovery Material is disclosed shall maintain such Discovery Material in strict confidence, shall use such Discovery Material solely for purposes of this litigation, and shall not disclose such Discovery Material except in accordance with this Stipulation and Confidentiality Order.

7.      Discovery Material designated as Confidential under this Stipulation and Confidentiality Order shall not be disclosed to any person or entity, except to those identified below:

> (i)     Counsel of record and employees of counsel (such as secretaries, legal assistants, stenographic and clerical employees, and outside copying and document management service employees working under the direct supervision of such counsel) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action;

2

(ii)     The parties to this action, any present, future or former officers, directors or employees of a party required in good faith to provide assistance in this action, or such other persons as hereafter may be agreed to by the parties in writing or authorized by the court;

(iii)    The Court and its officers and employees;

(iv)     Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purposes of making photocopies of documents or transcripts; and,

(v)      Consultants, investigators, or experts (collectively experts) engaged by the parties or counsel for the parties to assist in the preparation and trial of this lawsuit (provided that such independent expert is not an officer, director, agent, employee of, or a former or present business consultant to, any party or affiliate of any party to this action, or to any party in direct competition with a party to this action). Prior to disclosure to any Expert, the Expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence. Such Expert must further agree to destroy or return to the disclosing attorney within twenty (20) days after termination of this litigation all Confidential Discovery Material received by such Expert, and all copies thereof;

(vi)     Persons identified during discovery having relevant information to any claim or defense in this action that the attorney for any party reasonably and in good faith believes can assist in the claim or defense by showing a copy of the Discovery Material marked Confidential.

8.     Portions of deposition testimony identified by page and line numbers shall be deemed Confidential and subject to this Stipulation and Confidentiality Order if an attorney invokes this Stipulation and Confidentiality Order on the record at the deposition, or notifies the other party or parties within ten (10) business days of the completion of the deposition that the transcript contains confidential information or material subject to this Stipulation and Confidentiality Order. In that event, the entire deposition transcript and all copies thereof shall be deemed confidential and subject to this Stipulation and Confidentiality Order for thirty (30) days following receipt by the deponent of the deposition transcript. During this thirty (30) day period, the party so designating shall notify the

3

opposing party or parties and the court reporter which specific portions by page and lines numbers of the transcript should be designated Confidential. At the conclusion of the thirty (30) day period, or by some other date mutually agreed to by the parties, only the duly designated portions of the transcript shall be considered confidential Discovery Material subject to this Stipulation and Confidentiality Order.

9.      Discovery Material designated as Confidential under this Stipulation and Confidentiality Order, or any information derived therefrom, shall not be disclosed at a deposition to any officer, director, employee or agent of a party who would not have access to the materials in the ordinary course of business unless pursuant to Paragraph 7.(vi). Apart from the foregoing, nothing in this Agreement shall limit or restrict a party's right to inquire about or show Confidential Discovery Material to a deponent at the deposition of any present or former officer, director, employee, or agent of the party that produced the Confidential Discovery Material or at trial.

10.     In the event that Discovery Material designated as Confidential under this Stipulation and Confidentiality Order, or any information derived therefrom, is to be included with, or its contents are in any way to be disclosed in, any pleading, motion, deposition transcript, or other paper filed with the Clerk of this Court by any party, the party filing such information or material shall first seek Court approval and, subject to Court approval, shall file such information or material as a suppressed or sealed document and shall prominently mark it with the words Filed Under Seal. This shall not prevent a similarly marked second copy of any pleading or other document specifically intended for review by the Court from being hand delivered to the chambers of the presiding judge or magistrate to ensure that it is brought promptly to the Court's attention.

11.     The inadvertent or mistaken disclosure of Discovery Material containing Confidential information without the label required under this Stipulation and Confidentiality Order shall not

4

constitute a waiver of any claim of confidentiality provided that, upon receiving notice of the inadvertent or mistaken disclosure, the party producing such material provides a properly marked copy of the Discovery Material. Upon such corrected production, the Discovery Material that was inadvertently or mistakenly produced shall be destroyed or returned to the producing party.

12.   The fact that certain Discovery Material is designated as Confidential shall have no evidentiary value.

13.   Confidential Discovery Material must not be used for any purposes by the party that receives it, or on her or its behalf, other than in connection with this litigation and must not be disclosed to any person or entity by such party or her or its counsel, except as provided herein, or on order of the Court and it not subject to disclosure under any freedom of information laws.

14.   If a dispute arises as to whether a particular person should be granted access to Confidential Discovery Materials, the party seeking disclosure may inquire with opposing counsel in the first instance seeking resolution. If counsel cannot agree how to resolve the dispute, the party who deemed the Discovery Material as Confidential must file a motion to preserve the Confidential designation within 14 days of the date by which one counsel notifies the other counsel that the dispute cannot be resolved or, absent such a motion, the Confidential designation lapses. Upon the filing of such a motion, the Confidential designation remains effective until the Court issues a determination. The burden to maintain the Confidential designation remains with the party who deemed the Discovery Material to be Confidential.

15.   Neither this Order nor the provision of any Confidential Discovery Material hereunder may be construed as displacing any party's rights:  (a) to object to any designation of Confidential; (b) to object to any discovery request on the basis of confidentiality or privilege; (c) to object to the introduction of any Confidential material as defined herein, as evidence at any hearing

5

or trial in this matter; (d) to seek other and further protections as to any Confidential Discovery Material that may be offered or admitted as evidence at any hearing or trial in this matter or to seek from the Court a modification of or relief from the restrictions of this Order.

16.      Nothing in this Stipulation and Confidentiality Order shall prevent disclosure beyond the terms of this Stipulation and Confidentiality Order if the party designating Discovery Material as Confidential consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

17.      Within sixty (60) days after the case is closed, the parties may obtain the return of any previously sealed or previously restricted documents by a motion filed with the Court.  Any documents not so withdrawn will become part of the public case file.

18.      Within sixty (60) days after the final disposition this litigation, including appeals, counsel of record shall (a) destroy or return the original and/or all copies of Discovery Material designated as Confidential, and (b) serve upon the producing party a certification that this Stipulation and Confidentiality Order has been fully complied with by such counsel unless there has been any non-compliance, in which event counsel shall state fully in such certification the material facts and circumstances concerning any noncompliance.

19.      This Stipulation and Confidentiality Order may, except as described below, be amended or modified as need may arise by the mutual agreement of the parties, or by Court Order. Such amendments or modification shall not affect the continuing validity of this Stipulation and Confidentiality Order as to any other confidential information or material.

20.      The terms and conditions of this Stipulation and Confidentiality Order shall survive and remain in force after the termination of this action.

6

**HALSBAND LAW OFFICES**

By: _____  12-2-20

David Halsband, Esq.
Court Plaza South
21 Main Street, East Wing, 3d Fl.
Hackensack, New Jersey 07601
T. 201-487-6249
F. 201-487-3176
E. david@halsbandlaw.com
*Attorney for Plaintiff*

**SILVERMAN AND ASSOCIATES**

By: _____

Gerald Smith, Esq.
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T. 914-574-4510
F. 914.574.4515
E. gsmith@silvermanandassociatesny.com
*Attorneys for Defendants Peekskill and
Zimmerman*

**FRANKLIN, GRINGER & COHEN, P.C.**

By: _____

Jasmine Y. Patel, Esq.
666 Old Country Road, Ste. 202
Garden City, New York 11530
T.  (516) 228-3131, ext. 208
F. (516) 228-3136
E. jpatel@franklingringer.com
*Attorneys for Defendants Whitsons, Kaplan, and Emery*

**SO ORDERED**

_____

Nelson S. Román, U.S. District Judge

Dated:  December 2, 2020
White Plains, NY

7